**Lee LAWLESS, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

March 19, 1976.

Rehearing Denied Aug. 20, 1976.

Jack E. Farley, Public Defender, Anna H. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Robert Hensley, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

Prior to his indictment the appellant sought an order requiring that the proceedings of the grand jury pertaining to his case be recorded and transcribed at his expense and be made available to him. He claims reversible error in the trial court's refusal to grant such an order.

RCr 5.16 provides that the attorney for the Commonwealth may elect to record testimony heard by the grand jury, and that if he does so the accused may obtain a transcript of any portion relating to the charge against him. It does not give a similar option to a prospective indictee.

We are not aware of any constitutional principle to the effect that the prosecution and the accused must be on "equal footing" with regard to the making and preservation of a record of proceedings in the grand jury. The grand jury is an accuser, not a trier. If a prospective defendant had the same right of access to what is said or done in its presence as the law gives to the prosecuting attorney, we see no logical basis on which the defendant and his counsel could be excluded from its hearings, where they could see and hear for themselves, and even exercise the right of confrontation and cross-examination. Inch by inch, that is the destination of the path to which the appellant's argument in this case leads. It ignores the nature and function of the grand jury, and we decline to enter upon it.

*Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1970), dealing with notice-of-alibi rules and reciprocal discovery, bears no analogy to the proceedings of a grand jury.

The judgment is affirmed.

All concur.